UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

KLM CONSULTING LLC,

                                                Plaintiff,

              -v-

PANACEA SHIPPING COMPANY, INC. *et al.*,

                                                Defendants.

22 Civ. 5194 (PAE) (SLC)

OPINION & ORDER

---

PAUL A. ENGELMAYER, District Judge:

This case was referred to the Hon. Sarah L. Cave, United States Magistrate Judge, for a damages inquest after the Court's entry of default judgment as to liability against defendant Panacea Shipping Company, Inc. ("Panacea"). *See* Dkts. 82, 83. Before the Court is Judge Cave's July 31, 2024 Report and Recommendation, recommending that the Court award KLM: (1) compensatory damages of $500, (2) pre-judgment interest on its compensatory damages at a rate of nine percent per year from May 22, 2021 through the date of entry of judgment, and (3) post-judgment interest pursuant to 28 U.S.C. § 1961. *See* Dkt. 89 at 2 ("the Report"). For the following reasons, the Court adopts this recommendation.

The Court incorporates by reference the summary of the facts provided in the Report. In brief, KLM is a shipping company that hired Panacea, a freight carrier, to transport several items—notable among them a 2009 Mercedes C300, a 2011 Suzuki Grand Vitara, and a shoe collection—from Houston, Texas to Douala, Cameroon. Dkt. 87 ("Pl. Mem.") ¶¶ 1–5. The relevant shipping agreement was memorialized in a bill of lading issued December 24, 2020. *See id.* ¶ 8; *see also* Dkt. 70, Ex. 3 ("Bill of Lading"). Although Panacea had agreed to deliver the property no later than January 11, 2021, Panacea "mixed up two container numbers" and, as

1

a result, delivered the property nearly five months late, on May 22, 2021. Pl. Mem. ¶¶ 12–13. KLM sued Panacea for breach of contract, Dkt. 1, Ex. 1, but Panacea failed to answer or otherwise appear. On April 19, 2023, KLM filed a motion for default judgment. Dkt. 66. On November 16, 2023, this Court granted that motion, Dkt. 82, and referred the case to Judge Cave for a damages inquest. Dkt. 83. On July 31, 2024, Judge Cave filed the Report. Dkt. 89.

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "To accept those portions of the report to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Ruiz v. Citibank, N.A.*, No. 10 Civ. 5950, 2014 WL 4635575, at *2 (S.D.N.Y. Aug. 19, 2014) (quoting *King v. Greiner*, No. 2 Civ. 5810, 2009 WL 2001439, at *4 (S.D.N.Y. July 8, 2009)); *see also, e.g.*, *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

No party has submitted objections to the Report. Review for clear error is thus appropriate. Careful review of Judge Cave's thorough and well-reasoned Report reveals no facial error in its conclusions. As Judge Cave rightly notes, the fact that KLM offers evidence of nearly $300,000 in actual damages does not mean it is entitled to that amount. *See* Report at 22. Rather, relevant here, § 4(5) of the Carriage of Goods by Sea Act ("COGSA") caps the amount of damages recoverable against carriers and ships for damage to the goods they transport:

> Neither the carrier nor the ship shall in any event be or become liable for any loss or damage to or in connection with the transportation of goods in an amount exceeding $500 per package . . . , or in case of goods not shipped in packages, per customary freight unit, . . . unless the nature and value of such goods have been declared by the shipper before shipment and inserted in the bill of lading.

46 U.S.C. § 30701. As the Second Circuit has explained, the COGSA damages provision means that, if the shipper seeks to protect its interest in cargo beyond the $500 cap, it "ought to . . .

2

contract[] for that right." *Thyssen, Inc. v. S/S Eurounity*, 21 F.3d 533, 541 (2d Cir. 1994) (cleaned up). The operative contract here did not do that. On the contrary, it expressly adopted the statutory cap on recoverable damages. *See* Bill of Lading ¶ 7.2(b) ("[F]or shipments to or from the U.S., the liability of the Carrier and/or Vessel shall not exceed USD 500 per Package or customary freight unit, or any lesser limitation afforded per [an unrelated clause]."). And here, where the goods "are not shipped in packages," the "'customary freight unit will be the entire shipment . . . where a flat rate is charged for an entire shipment of cargo.'" Report at 26 (quoting *Vigilant Ins. Co. v. M/T Clipper Legacy*, 656 F. Supp. 2d 352, 358 (S.D.N.Y. 2009)). The parties here contracted for a flat rate for the shipment. *See id.* Judge Cave was thus on target in concluding that COGSA's limitation of liability applies, barring KLM from recovering the full amount of compensatory damages it sought. *See* Report at 25–26.

The Court thus adopts the Report in its entirety. Because the Report explicitly states that "failure to object within fourteen (14) days will result in a waiver of objections and will preclude appellate review," Report at 30, the parties' failure to object operates as a waiver of appellate review. *See Caidor v. Onondaga Cty.*, 517 F.3d 601, 604–05 (2d Cir. 2008) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam)).

## CONCLUSION

For the foregoing reasons, the Court respectfully directs the Clerk of Court to enter judgment for plaintiff against the defaulting defendant, and to award plaintiff (1) compensatory damages in the amount of $500, (2) pre-judgment interest on its compensatory damages at a rate of nine percent per year from May 22, 2021 through the date of entry of judgment, and (3) post-judgment interest pursuant to 28 U.S.C. § 1961. The Court also directs the Clerk of Court to close this case.

3

SO ORDERED.

*Paul A. Engelmayer*

Paul A. Engelmayer
United States District Judge

Dated: December 23, 2024
      New York, New York

4